IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ESMERALDA BENCOMO

    Plaintiff,

v.

JOHN TAVENNER, Consul General Ciudad Juarez, in his official capacity;

MICHAEL R. POMPEO, Secretary of the Department of State, in his official capacity; and

UNITED STATES DEPARTMENT OF STATE;

    Defendants.

_____

**COMPLAINT REGARDING
VIOLATIONS OF THE 5TH AMENDMENT, AND
VIOLATIONS OF THE ADMINISTRATIVE PROCEDURES ACT**
_____

## INTRODUCTION

1. Plaintiff Esmeralda Bencomo is a United States citizen. She is married to Alfredo Guadarrama Diazleal, a citizen and national of Mexico.

2. On or about November 20, 2019, the United States consulate in Cuidad Juarez, Mexico, denied Mr. Guadarrama Diazleal's immigrant visa to the United States. In that denial, the consulate concluded that Mr. Guadarrama Diazleal is inadmissible to the United States because he knowingly "encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law…"

3. This suit seeks to redress this error.

## PARTIES

4. Plaintiff Esmeralda Bencomo is a native and citizen of the United States. She lives in Estes Park, Colorado.

5. Defendant John Tavenner is the Consul General Ciudad Juarez and an employee of the Department of State. Mr. Tavenner is sued in his official capacity.

6. Defendant Michael Pompeo is the Secretary of the Department of State. Mr. Pompeo is sued in his official capacity.

7. Defendant United States Department of State is a federal agency. The Department of State adjudicates immigrant visas at various consulates around the world.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 USC § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States.

9. Venue is proper in the District Court for the District of Colorado under 28 U.S.C. § 1391(e)(1) because the Plaintiff resides in this district.

## FACTS

10. Ms. Bencomo was born in American Falls, Idaho on April 27, 1994. *Birth Certificate*, attached herein at Exhibit A.

11. Ms. Bencomo lives in Estes Park, Colorado.

12. On October 30, 2013, Ms. Bencomo married Mr. Guadarrama Diazleal. *Marriage Certificate*, attached herein at Exhibit B.

13. Ms. Bencomo and Mr. Guadarram Diazleal have a child, D-G-B, born on August 13, 2014 in Estes Park, Colorado. *D-G-B-'s Birth Certificate*, attached herein at Exhibit C.

14. On or about May 7, 2014, Ms. Bencomo filed a form I-130, Petition for Alien Relative with United States Citizenship and Immigration Service (USCIS); it was approved on October 4, 2014. *I-130 Approval Notice*, attached herein at Exhibit D.

15. On or about October 17, 2017, Mr. Guadarrama Diazleal submitted an Application for a Provisional Unlawful Presence Waiver (Form I-601A). *I-601A Receipt*, attached herein at Exhibit E. This waiver allows Mr. Guadarrama Diazleal to return to the United States, if otherwise admissible, even though he had been unlawfully present in the United States in violation of INA § 212(a)(9)(B)(II), 8 U.S.C. § 1182(a)(9)(B)(II), because his absence from the United States would cause Ms. Bencomo to suffer an extreme hardship. That waiver was approved on February 9, 2018. *I-601A Waiver Approval*, attached herein at Exhibit F.

16. On or about May 16, 2018, Mr. Guadarrama Diazleal submitted and Immigrant Visa Application. *Confirmation*, attached herein at Exhibit G.

17. On March 21, 2019, Mr. Guadarrama Diazleal appeared for an interview on his visa application at the United States consulate in Ciudad Juarez, Mexico. *Interview Letter*, attached herein at Exhibit H.

18. Later, USCIS-Ciudad Juarez requested that Mr. Guadarrama Diazleal appear for a second interview at the United States consulate in Ciudad Juarez, Mexico. *Email from USCIS-Ciudad Juarez*, attached herein at Exhibit I.

19. During these interviews, Mr. Guadarrama Diazleal stated that he had entered the United States without authorization during the month of February 2010 and had entered together his cousin with the help of a smuggler, colloquially known as a coyote.

20. During these interviews, Mr. Guadarrama Diazleal stated that while he was present when other individuals entered the United States, he did not in any way assist or otherwise help anyone to enter the United States illegally.

21. On or about November 20, 2019, Mr. Guadarrama Diazleal received notice that his immigrant visa had been denied because he is inadmissible under INA §212(a)(6)(E), 8 U.S.C. § 1182(a)(6)(E) for knowingly encouraging, inducing, assisting, abetting, or aiding any other alien to enter or try to enter the United States illegally. *Decision*, attached herein at Exhibit J. Mr. Guadarrama is ineligible for a waiver of this ground of inadmissibility.

22. That notice also stated that Mr. Guadarrama Diazleal is inadmissible to the United States because he was unlawfully present in the United State for a period exceeding 365 needed an additional waiver to cure his unlawful presence in the United States.

23. On or about February 7, 2020, Mr. Guadarrama Diazleal, through counsel, submitted an inquiry with LegalNet, a service provided by the Department of State to request legal review of cases. *Email to LegalNet*, attached herein at Exhibit K.

24. In that email, counsel argued that in order to be inadmissible under 8 U.S.C. § 1182(a)(6)(E), an alien must perform an affirmative act to trigger this ground of admissibility, and that under the facts presented, Mr. Guadarrama Diazleal did not perform an affirmative act such that this ground of inadmissibility would apply. *Id.; See also Zamora-Vasquez v. Barr*, 19-9554, (10th Cir. 2020) (stating that "[t]his statutory bar on admissibility applies only when a concitizen performs an affirmative act to knowingly assist undocumented persons to enter the United States" (citations omitted)).

25. On February 24, 2020, LegalNet responded, stating that "[w]hether or not your client assisted and aided undocumented aliens to enter the United States in violation of the law is a factual determination that only a consular officer has the authority to make, and indeed did make, at the time of the visa interview." *LegalNet Response*, attached herein at Exhibit L.

26. The response includes no factual support for the consular officer's conclusion. The response only states that Mr. Guadarrama Diazleal was present when other illegal aliens crossed the border. *Id*.

27. There is no evidence in the record that Mr. Guadarrama Diazleal performed an affirmative act assisting undocumented aliens to enter the United States.

28. The evidence relied upon by the Department of State to deny Mr. Guadarram Diazleal's visa does not support its legal conclusion.

29. Because Mr. Guadarrama Diazleal has been found inadmissible and is not eligible for a waiver, he can never come to the United States to live with Mr. Bencomo.

30. Ms. Bencomo continues to live in Estes Park, Colorado, without the companionship of her husband, Mr. Guadarrama Diazleal.

31. Ms. Bencomo must raise their child alone, without the assistance and support of Mr. Guadarrama Diazleal.

32. Ms. Bencomo cannot reasonably be expected to relocate to Mexico to live with her husband.

33. Mexico is subject to extreme poverty and violence perpetrated by international drug cartels with the assistance of local authorities. *See, e.g.,* Congressional Research Service,

*Mexico: Organized Crime and Drug Trafficking Organizations*, attached herein at Exhibit M, https://fas.org/sgp/crs/row/R41576.pdf

34. Ms. Bencomo wishes to live with her husband lawfully in the United States.

35. The Defendants refuse to admit Mr. Guadarrama Diazleal into the United States.

36. The Defendants' refusal in contrary to the laws of the United States, specifically, there is no evidence in the record that Mr. Guadarrama Diazleal is inadmissible for performing an affirmative act to knowingly assist an undocumented person to enter the United States.

37. The Defendants have unlawfully denied Mr. Guadarrama Diazleal's immigrant visa.

## STATEMENT OF CLAIMS

### First Cause of Action: Violation of the 5th Amendment

38. Plaintiff re-alleges and incorporates by reference all allegations set forth above.

39. The 5th Amendment of the United States Constitution states that "No person shall be deprived of life, liberty, or property without due process of law…"

40. The United States Supreme Court has recognized that marriage between individuals is a protected liberty interest. *See, e.g., Loving v.* Virginia, 388 U.S. 1 (1967), *Turner v. Safley*, 482 U.S. 78 (1987); and *Obergefell, et al v. Hodges*, 576 U.S.     (2015).

41. Ms. Bencomo has a protected liberty interest in her marriage with Mr. Guadarrama Diazleal; that protected liberty interest has no value if she and Mr. Guadarram Diazleal must live separately.

42. The Defendants have deprived Ms. Bencomo of her protected interest without due process of law, specifically, they have denied Mr. Guadarrams Diazleal's immigrant visa without factual or legal justification.

43. This violation of Ms. Bencomo's constitutional rights should be remedied by this Court.

### Second Cause of Action: Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)

44. Plaintiff re-alleges and incorporates by reference all allegations set forth above.

45. 5 U.S.C. § 706(2)(A) allows a court to "hold unlawful and set aside agency action, findings, and conclusions found to be…arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."

46. The consulate and Department of State's conclusion that simply being present when other undocumented aliens enter the United States are agency actions, findings, and conclusions that are arbitrary, capricious, an abused of discretion, and not in accordance with the law.

47. This Court should set aside the Defendants' actions as a violation of 5 USC § 706(2)(A).

### Third Cause of Action: Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(B)

48. Plaintiff re-alleges and incorporates by reference all allegations set forth above.

49. 5 U.S.C. § 706(2)(B) allows a court to "hold unlawful and set aside agency action, findings, and conclusions found to be…contrary to constitutional right, power, privilege, or immunity."

50. Ms. Bencomo has a constitutional right to marriage. *Obergefell v. Hodges*, 576 U.S. ____ (2015).

51. The Defendants' denial of Mr. Guadarrama Diazleal's visa is contrary to Ms. Bencomo's constitutional right to her marriage.

52. The Defendants' conclusion that Mr. Guadarrama Diazleal is inadmissible is contrary to Ms. Bencomo's constitutional rights.

53. This Court should set aside the Defendants' actions as a violation of 5 USC § 706(2)(B).

**Forth Cause of Action: Violation of the Administrative Procedure Act,
5 U.S.C. § 706(2)(E)**

54. Plaintiff re-alleges and incorporates by reference all allegations set forth above.

55. 5 U.S.C. § 706(2)(E) allows a court to hold unlawful and set aside agency action, findings, and conclusions unsupported by substantial evidence in the record.

56. A court may set aside the denial of a visa if the denial is not supported by facially legitimate and *bona fide* reasons. *Kleindienst v. Mandel*, 408 U.S. 753, 769 (1972).

57. The factual basis of the denial must be "reasonably supported by the record." *Marczak v. Greene*, 971 F.2d 510, 517 (10th Cir. 1992).

58. The consulate and Department of State's conclusion that Mr. Guadarrama Diazleal is inadmissible under 8 U.S.C. § 1182(a)(6)(E) is not factually supported by evidence in the record.

59. Because there is no factual support for the Defendants' conclusions, their conclusions are not supported by substantial evidence in the record.

60. This Court should set aside the Defendants' actions as a violation of 5 U.S.C. § 706(2)(E).

## REQUEST FOR RELIEF

Because the Defendants' actions in this case are contrary to the 5th Amendment rights of Ms. Bencomo and violations of the Administrative Procedures Act, Ms. Bencomo hereby requests that this Court:

   a. Find that the Defendants' actions violate Ms. Bencomo's 5th Amendment rights

   b. Find that the Defendants' actions violate the Administrative Procedures Act;

   c. Set aside the Defendants' conclusion that Mr. Guadarrama Diazleal is inadmissible to the United States; and

      d. Order the Defendants to issue Mr. Guadarrama Diazleal an immigrant visa to the United States immediately.

Dated: April 1, 2020

Respectfully Submitted,

LAU & CHOI, PC

s/Charles S. McIntyre IV
Charles S. McIntyre IV, Atty. Reg. 48826
Attorney for Plaintiff
1930 Sherman Street
Denver, Colorado   80203
Phone: 303-830-8880

Plaintiff's Address:   550 Birch Ave.
Estes Park, Colorado
80517